IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>NICHOLAS JAMES MORGAN-DEROSIER, A/K/A NICHOLAS JAMES MORGAN DEROSIER, A/K/A NICHOLAS MORGAN DEROSIER, A/K/A NICK JAMES MORGAN-DEROSIER,<br><br>    Defendant. | Case No. 3:22-cr-5<br><br>**UNITED STATES' NOTICE OF INTENT TO OFFER EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)** |

The United States of America, by Jennifer Klemetsrud Puhl, United States Attorney for the District of North Dakota, hereby provides notice of its intent to admit evidence of defendant's prior instances of sexual activity with underage males pursuant to Federal Rule of Evidence 404(b).

## NOTICE

During the course of this investigation, the United States has developed evidence of prior instances of sexual activity with underage males by defendant, Nicholas James Morgan-Derosier ("Derosier"). Specifically, the United States intends to introduce evidence that Derosier:

(1) Had oral sex with T.M., a male, when T.M. was 16 or 17 years old; these events took place in Minnesota in approximately 2011.

(2) Had oral sex with B.L., a male, when B.L. was 15 years old; these events took place in Wisconsin in approximately 2011.

1

(3) Had sexual relations with C.L., a male, when C.L. was approximately 16 or 17 years old; these events took place in Minnesota in approximately 2017.

(4) Together with James McHaney met several underage males and had joint and separate sexual encounters with these underage males, including: B.K., a 16-year-old male in Apple Valley, MN; T.M., an underage male in Burnsville, MN; W.B., a 16-year-old male; and other similar encounters with underage males−the names and details of which McHaney could not recall.

Reports of the interviews with T.M., B.L., C.L., and James McHaney are set forth at Bates numbers 02079, 02234, 02297, and 02315, and were turned over in discovery on or about May 12, 2022.

## FACTUAL AND PROCEDURAL BACKGROUND

Derosier is charged in a ten-count Indictment with crimes that include: one count of receipt and distribution of child pornography, one count of transportation of child pornography, six counts of possession of materials containing child pornography, one count of transportation of a minor across state lines for purposes of engaging in sexual activity, and one count of travel in interstate commerce with intent to engage in illegal sexual activity. (Doc. 27.)

A key issue the government must prove in Count 9 is that Derosier knowingly transported a minor from Minnesota to North Dakota with the intent to engage in sexual activity with the minor. (Doc. 27 at 9.) In Count 10, the government must prove Derosier traveled in interstate commerce for the purpose of engaging in illicit sexual conduct. (Doc. 27 at 10.) Both counts require proof of intent. Derosier has pleaded not guilty to all

counts in the Indictment, squarely putting the issues of his purpose, plan, motive, and intent at issue. The United States also anticipates Derosier will claim the child pornography discovered in the investigation was not his, and that there was a misunderstanding, mistake, or accident as to the charges in general.

To satisfy its burden of proof that Derosier had the requisite purpose and intent, which can rarely be proved by direct evidence, and was not acting by accident or mistake, the United States intends to introduce evidence that implicates Rule 404(b) and Rule 403.

## LAW AND ANALYSIS

Rule 404(b) evidence is admissible as proof of motive, intent, identity, absence of mistake, and lack of accident, among others, to prove Derosier received, distributed, transported, and possessed the child pornography at issue in this case (Counts 1–8), and transported and traveled with a minor(s) to engage in illegal sexual activity, also charged in this case (Counts 9 and 10).

Rule 404(b), Crimes, Wrongs, or Other Acts, of the Federal Rules of Evidence provides:

> (1) **Prohibited Uses**. Evidence of any other crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) **Permitted Uses.** This evidence may be admissible for another purpose, **such as proving motive,** opportunity, **intent,** preparation, plan, knowledge, **identity, absence of mistake, or lack of accident.**
>
> (3) **Notice in a Criminal Case**. In a criminal case, the prosecutor must:
> (A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it;

> (B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and
> (C) do so in writing before trial – or in any form during trial if the court, for good cause, excuses lack of pretrial notice.

Fed. R. Evid. 404(b) (emphasis added). "The district court has broad discretion to admit evidence under Rule 404(b)." United States v. Wilson, 619 F.3d 787, 791 (8th Cir. 2010).

"Propensity evidence, whether of a person's general character or examples of specific bad acts, is ordinarily excluded because of the likelihood the jury may misuse it." United States v. Johnson, 439 F.3d 884, 887 (8th Cir. 2006). However, such evidence may still be admitted if it is: "(1) relevant to a material issue raised at trial; (2) similar in kind and close in time to the crime charge; (3) supported by sufficient evidence to support a jury finding that the defendant committed the other act; and (4) its probative value is not substantially outweighed by its prejudicial value." United States v. Fechner, 952 F.3d 954, 961 (8th Cir.), cert. denied, 141 S. Ct. 574, 208 L. Ed. 2d 188 (2020) (cleaned up).

Though typically thought of as an exclusionary rule, "Rule 404(b) is a rule of inclusion that precludes admission of evidence when that evidence is relevant **solely** to the defendant's character." United States v. Thomas, 58 F.3d 1318, 1321 (8th Cir. 1995) (emphasis added) (case involves evidence of other drug transactions); see United States v. Escobar, 50 F.3d 1414, 1421 (8th Cir. 1995); United States v. Miller, 974 F.2d 953, 960-61 (8th Cir. 1992) ("Rule 404(b) 'is a rule of inclusion, rather than exclusion.'").

"In some circumstances, a defendant's prior bad acts are part of a broader plan or scheme relevant to the charged offense." United States v. Carroll, 207 F.3d 465, 468 (8th

4

Cir. 2000). "In other circumstances, . . . evidence of a defendant's prior crimes is admissible to prove that it was indeed the defendant that committed the charged crime." Id. "These 'plan' and 'identity' uses of Rule 404(b) evidence are distinct from each other and from use of prior acts to show knowledge and intent." Id.

Here, the probative value of the evidence of Derosier's sexual activity with other underage males is relevant and probative to his purpose, intent, and lack of accident or mistake, which are all specifically in dispute as to the charges involving transportation of a minor for purposes of engaging in sexual activity, and travel with intent to engage in illegal sexual activity in Counts 9 and 10 of the Indictment, and generally to the possession, transportation, and receipt of child pornography counts of the Indictment. The sexual conduct with these underage males is similar in kind and in time to the conduct alleged in the Indictment. Since the testimony will come from the participants involved in the activity, who are able to identify Derosier, the proposed testimony and evidence is supported by sufficient indicia of reliability that the defendant committed the other acts.

Similar types of evidence have been admitted by district courts in criminal cases like this one. For instance, a particularly persuasive case is United States v. Nordwall, 998 F.3d 344 (8th Cir. 2021). In Nordwall, the defendant was indicted for attempted sex trafficking of children, attempted enticement of minors, and travel across state lines for the purpose of engaging in illicit sexual conduct. Id. at 346. Over defendant's objections based on Rule 404(b) and Rule 403, the district court allowed evidence that defendant had searched the internet on four occasions for prurient pictures and videos of minor girls. Id. The appellate court upheld the allowance of the evidence, reasoning that the

5

government needed to prove that Nordwall traveled "with a motivating purpose of engaging in any illicit sexual conduct with another person." Id. Nordwall claimed his motivation was to save the girls from their pimp and expose the story to the media, not to engage in sexual conduct with them. Id. at 347. The internet searches, however, suggested a different motivation and intent and supported the government's contention that defendant had a sexual interest in the girls. Id. at 348. Thus, the appellate court held the evidence was not improper Rule 404(b) evidence. Id. The appellate court also held the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. Id.  The searches were very probative of defendant's sexual interest in the minor females, reasoned the court, which, in turn, was very probative of his illicit intent. Id.

The Eighth Circuit Court of Appeals affirmed a district court's ruling allowing other prior-acts evidence that the defendant videotaped himself and his ex-girlfriend having sex on multiple occasions, sometimes without her consent. See United States v. Fortier, 956 F.3d 563 (8th Cir. 2020). The defendant was charged with exploiting a minor for purpose of producing child pornography and knowingly possessing child pornography. Id. at 566. Defendant had used his iPhone to record himself having sexual intercourse with two minor females. Id. To prove the charge of exploiting a minor, the government had to prove that defendant's "dominant purposes" was to create a visual depiction of his sexual acts with the girls. Id. at 567.  The testimony from defendant's ex-girlfriend that he recorded them having sexual relations was relevant to show his intent to create a visual depiction of the act, and rebut any claims of accident or mistake, and

therefore was admissible under Rule 404(b). Id. at 568. The appellate court also rejected the argument that the evidence should have been excluded under Rule 403. Id. at 569.

In United States v. Gates, 351 Fed. Appx. 362, 367 (11th Cir. 2009), the appellate court affirmed the district court's evidentiary ruling allowing testimony that defendant had a prior sexual relationship with a 16-year-old boy, even though the relationship was legal under state law, in a prosecution for attempting to persuade, induce, entice, or coerce a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b).

Like the foregoing cases, this Court should permit the United States to introduce evidence that Derosier has engaged in sexual activity with other underage males to show his motive, intent, purpose, plan, absence of mistake, and lack of accident, as to the crimes charged here, particularly as stated in Counts 9 and 10. Such evidence is relevant, is not improper Rule 404(b) evidence, and is not excludable after a proper Rule 403 balancing.

Rule 403 of the Federal Rules of Evidence provides a limited basis for excluding evidence, though relevant, if its probative value is substantially outweighed by the danger of unfair prejudice. See, e.g., United States v. Pierson, 544 F.3d 933, 940 (8th Cir. 2008). "[A]lthough all Rule 404(b) evidence is inherently prejudicial, the test for exclusion under Rule 403 is whether its probative value is *substantially* outweighed by the danger of *unfair* prejudice." Id. (cleaned up). Exclusion of evidence under Rule 403 is "an extraordinary remedy and should be used sparingly." Westcott v. Crinklaw, 68 F.3d 1073, 1077–78 (8th Cir. 1995).

The evidence that defendant has engaged in other sexual activity with underage males is not unfairly prejudicial and, even if it were, any unfair prejudice does not <u>substantially outweigh</u> its probative value. The evidence the United States intends to introduce involved consensual sexual activity and no force or threat was used to induce the activity. Moreover, the Court can utilize a cautionary instruction to the jury about the limited nature of the use of the evidence, which will reduce the risk of unfairness to the defendant. See <u>Fortier</u>, 956 at 570.

## CONCLUSION

The United States has provided proper and timely notice to defendant under Rule 404(b)(3) of the expected evidence that the United States intends to offer, articulated the permitted purposes for the use of the evidence and the reasoning that supports that purpose, and given timely notice in writing before trial. Accordingly, the Court is respectfully requested to allow the admission of testimony and other evidence of defendant's other instances of sexual activity with underage males at trial.

Dated:  August 1, 2022

                                                      JENNIFER KLEMETSRUD PUHL
                                                      United States Attorney

By:  */s/ Jennifer Klemetsrud Puhl*
       JENNIFER KLEMETSRUD PUHL
       United States Attorney
       ND Bar ID 05672
       655 First Avenue North, Suite 250
       Fargo, ND  58102-4932
       (701) 297-7400
       jennifer.puhl@usdoj.gov
       Attorney for United States