UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>NICHOLAS JAMES MORGAN-DEROSIER,<br><br>Defendant. | Cr. No. 3:22-cr-5<br><br>**DEFENDANT'S MOTION TO SEVER** |

The Defendant, Nicholas James Morgan-Derosier, moves this Court to sever Counts 9 and 10 from Counts 1 through 8 under Fed. R. Crim. P. 8(a) and 14(a) because those groups of counts are not of the same or similar character, not based on the same acts or transactions, and not part of a common scheme or plan. Therefore, under Rule 8(a), they are misjoined requiring severance. Alternatively, if the Court finds joinder appropriate, it should still sever under Rule 14(a) because Mr. Morgan-Derosier would be severely prejudiced at a joint trial because evidence may be admissible under Counts 1 and 8 but inadmissible under Counts 9 and 10 and vice versa.

### I. BACKGROUND

On 12 January 2022, a grand jury returned a 10-count indictment charging various offenses under Title 18.[1] Counts 1 through 8 involve offenses related to child

---

[1] Doc. 27.

sexual abuse material (CSAM), and Counts 9 and 10 involve transportation-related offenses:

| Count | Offense | On/About | Statute |
|---|---|---|---|
| 1 | CSAM receipt/distribution | Jul. 2018 – 15 Sept. 2020 | § 2252A(a)(2)(A) |
| 2 | CSAM possession | 16 Aug. 2019 | § 2252A(a)(5) |
| 3-8 | CSAM possession | 15 Sept. 2020 | § 2252A(a)(5) |
| 9 | Transport of a minor | Feb./Mar. 2020 | § 2423(a) |
| 10 | Travel with intent to engage in illicit sexual activity | Feb./Mar. 2020 | § 2423(b) |

## II. DISCUSSION

    *a.    Counts 1 through 8 and Counts 9 and 10 are misjoined.*

Severance is required because Counts 9 and 10 were improperly joined. An indictment may charge multiple counts if the offenses charged are 1) of the same or similar character, 2) based on the same act or transaction, or 3) part of a common scheme or plan. Fed. R. Crim. P. 8(a). Rule 8(a)'s requirements must be met looking only to the face of the indictment. *See United States v. Bledsoe*, 674 F.2d 647, 655 (8th Cir. 1982); *United States v. Mink*, 9 F.4th 590, 603 (8th Cir. 2021) (joinder is determined from the face of the indictment); *United States v. Wadena*, 152 F.3d 831, 848 (8th Cir. 1998) (same). Joinder is improper where no "effort is made in the indictment even to suggest that the offenses are of the same or similar character or that they are part of the same transaction or parts of a common scheme." *United*

*States v. Terry*, 911 F.2d 272, 276 (9th Cir. 1990). Courts broadly interpret Rule 8(a) in favor of joinder. *Mink*, 9 F.4th at 603; *see United States v. Little Dog*, 398 F.3d 1032, 1037 (8th Cir. 2005) (joinder encourages "the efficient administration of justice"). But Rule 8(a) is not "infinitely elastic" because a trial involving unrelated counts risks conviction based on considerations other than the facts of the charged offense. *United States v. Cardwell*, 433 F.3d 378, 385 (4th Cir. 2005).

> 1. *The groups of counts are not of the same or similar character.*

Joinder is proper where counts share the same or similar character. Fed. R. Crim. P. 8(a). The only connection between Counts 1 through 8 and Counts 9 and 10 are that they are sex offenses. The Eighth Circuit has not decided whether joinder is proper under these circumstances. *But see United States v. Hersh*, 297 F.3d 1233, 1242 (11th Cir. 2002) (finding §§ 2423(a) and 2252(a) similar). Sex offenses are numerous and detail broad categories of conduct. That is true here: Distribution, receipt, transportation, and possession of CSAM requires no act or intention to contact a minor. But the § 2423 offenses require at least an intention (or purpose) of committing some hands-on offense. Clearly, the two groups of counts are not the same character. Their differences demonstrate dissimilar character too. Any connection is too tenuous to support joinder *See United States v. Halper*, 590 F.2d 422, 430 (2d Cir. 1978) ("When all that can be said of two separate offenses is that they are of the 'same or similar character,' the customary justifications for joinder (efficiency and economy) largely disappear."); *United States v. Harris*, 805 F. Supp. 166, 182 (S.D.N.Y. 1992)

3

("Even if it be assumed that the charged felonies are of the 'same or similar character,' that is the weakest basis for joinder of offenses.").

Moreover, there is no overlap in evidence between the groups of counts. Joinder is proper under the *same or similar character* standard when evidence overlaps each count. *United States v. Robaina*, 39 F.3d 858, 861 (8th Cir. 1994) (quoting *United States v. Shearer*, 606 F.2d 819, 820 (8th Cir. 1979)). Nothing in the indictment indicates the same evidence used to prove the CSAM counts will overlap with the travel/transportation counts. At trial, to prove Counts 1 through 8, it is expected the government will detail alleged CSAM from devices seized and attribute the devices to Mr. Morgan-Derosier. To prove Counts 9 and 10, the CSAM evidence is unnecessary and irrelevant. Each group of counts involves separate evidence, and there will be no overlap. Because the groups are dissimilar, joinder is inappropriate.

>  2. *The groups of counts are not based on the same act or transaction, and they are not part of a common scheme or plan.*

The second and third reasons for joinder are absent. The indictment neither alleges nor suggests Counts 1 through 8 and Counts 9 and 10 involve the same act or transaction. Each group of counts represents different conduct occurring at different times. Count 9 alleges Mr. Morgan-Derosier transported two minors from Minnesota to North Dakota, on or about February to April 2020, with the intent to engage in gross sexual imposition in violation of North Dakota law. *See* N.D.C.C. § 12.1-20-03(2)(a). Sect. 12.1-20-03(2)(a) proscribes sexual contact involving a person less than 15 years old. *See id*. Sexual contact means the touching of "intimate parts." N.D.C.C. § 12.1-20-02(5). It does not include CSAM offenses. *See id*.

4

Count 10 alleges Mr. Morgan-Derosier traveled in interstate commerce with a motivating purpose to engage in illicit sexual activity. *See* 18 U.S.C. §§ 2423(b), (f). Illicit sexual activity means a sexual act with a person under 18. 18 U.S.C. § 2423(f)(1). It also includes any commercial sex act, *see* 18 U.S.C. § 1591, and CSAM production, *see* 18 U.S.C. § 2256(8). 18 U.S.C. §§ 2423(f)(2), (3). But Count 10 fails to articulate which of the three types are issue. Given the similarity of offenses described in Counts 9 and 10, and dates each took place, it is apparent Count 10 refers to a sexual act—not prostitution or CSAM production.[2]

Except for Count 1 and 2—which date to 2018 and 2019—the indictment alleges the CSAM counts took place on 15 September 2020, which was the date agents seized devices under a search warrant. Nothing in the indictment connects the 15 September period to the February-April 2020—the dates the indictment alleges took place in Counts 9 and 10. In addition to different dates, Counts 1 through 8 do not allege, indicate, or suggest conduct on the same date as Counts 9 and 10. Nothing between Counts 1 through 8 and Counts 9 and 10 establish a series of related acts.

Similarly, the indictment supposes no common scheme or plan between the travel/transportation counts and the CSAM conduct. Therefore, because the indictment makes no effort to suggest similarity, joinder is improper. *Terry*, 911 F.2d at 276.

---

[2] While a joinder inquiry focuses on the indictment, the trial evidence will be that the minors disclosed no sexual act or contact during the alleged travel/transportation. *See* Doc. 1-1, p. 12 (¶ 20).

Therefore, under Rule 8(a), Counts 1 through 8 are misjoined with Counts 9 and 10. The remedy for misjoinder is severance. *See Kleven v. United States*, 240 F.2d 270, 272 (8th Cir. 1957).

  b. *Even if joinder was proper, severance is warranted.*

Even if the counts are properly joined, the prejudicial effect of joinder warrants severance. A court may sever the counts for trial if the consolidation prejudices the defendant. Fed. R. Crim. P. 14(a). Severance is appropriate if there is "a serious risk that a joint trial would compromise a specific trial right of [a] defendant[], or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). "'Severe prejudice occurs when a defendant is deprived of an appreciable chance for an acquittal, a chance that [the defendant] would have had in a severed trial.'" *United States v. Taken Alive*, 513 F.3d 899, 902 (8th Cir. 2008) (alteration in original) (quoting *United States v. Koskela*, 86 F.3d 122, 126 (8th Cir. 1996)).

The danger of prejudice to a defendant is inherent in any proceeding in which the government tries a single defendant for multiple crimes. For example, a jury may improperly use evidence of one crime to infer that a defendant committed another offense. *See United States v. Boyd*, 180 F.3d 967, 981 (8th Cir. 1999). Indeed, a jury may cumulate evidence to find guilt on all crimes, whereas it would not have found guilt on any crime had it considered the offenses separately. *See id*. Only in an unusual case, however, will the prejudice resulting from a joint trial be substantial enough to outweigh the "general efficiency of joinder." *Taken Alive*, 513 F.3d at 903.

6

Accordingly, separate trials are required where prejudice caused by a joint trial is "severe or compelling." *United States v. Ruiz*, 412 F.3d 871, 886 (8th Cir. 2005). Severe prejudice occurs when a defendant is deprived of "an appreciable chance for an acquittal," a chance that defendant "would have had in a severed trial." *Boyd*, 180 F.3d at 982; *see United States v. Kirk*, 528 F.3d 1102, 1107-09 (8th Cir. 2008).

Here, prejudice involves the evidence of other acts to be introduced to prove Counts 1 through 8 but not Counts 9 and 10. A high risk of undue prejudice exists when "joinder of counts allows evidence of other crimes to be introduced in a trial of charges with respect to which the evidence would otherwise be inadmissible." *United States v. Aldrich*, 169 F.3d 526, 528 (8th Cir. 1999) (quoting *United States v. Daniels*, 770 F.2d 1111, 1116 (D.C.Cir.1985)).

The government filed a notice of intent to use Rule 414 evidence.[3] The intent outlines the government's anticipated use of prior acts of child molestation.[4] Under Rule 414, in criminal cases involving an accusation of child molestation, "the court may admit evidence that the defendant committed any other child molestation." Fed. R. Evid. 414. "The evidence may be considered on any matter to which it is relevant." *Id*. This includes propensity evidence, *see United States v. Gabe*, 237 F.3d 954, 960 (8th Cir. 2001), which is otherwise prohibited under Fed. R. Evid. 404(b).

---

[3] *See* Doc. 47. Pursuant to the Court's pretrial order, Doc. 31, Mr. Morgan-Derosier may oppose the government's introduction of Rule 404(b) and 414 evidence through motions in limine.
[4] *Id*.

7

Under Rule 414, "child molestation" includes conduct prohibited under 18 U.S.C. chapter 110. Fed. R. Evid. 414(d)(2)(B). Chapter 110 includes CSAM offenses as charged in Counts 1 through 8. But Rule 414(d)(2) does not include chapter 117 offenses, which are charged in Counts 9 and 10. Rule 414, therefore, does not extend to Counts 9 and 10. *But see United States v. Blazek*, 431 F.3d 1104, 1108-09 (applying Fed. R. Evid. 413 to § 2243(b)). Indeed, the government's argument section in its notice contains no explicit reference to Counts 9 and 10 or 18 U.S.C. § 2423(a) or (b).[5] Instead, it references Counts 1 through 8.[6] The government's notice is clear: it seeks to offer prior allegations of child molestation to prove Counts 1 through 8—not Counts 9 and 10. So, if the Court admits Rule 414 evidence, joinder will allow the jury to consider that evidence with respect to Counts 9 and 10, which would be inadmissible if Counts 9 and 10 were tried separately.

A similar situation occurs with respect to Counts 1 through 8. If those counts were tried separately, then evidence of Counts 9 and 10 would be inadmissible in a CSAM trial because Counts 9 and 10 do not fall within Rule 414's reach. And under *Blazek*, if § 2423 offenses (Counts 9 and 10) fall under Rule 413, propensity evidence of CSAM acts would be inadmissible because Rule 413 does not include chapter 110 offenses. *See* Fed. R. Evid. 413(d). Last, Counts 9 and 10 counts are separate from Counts 1 through 8 and would not be admissible *res gestae* evidence. As such, the

---

[5] *See* Doc. 47, n.1.
[6] *See id*.

8

government could not introduce evidence of Counts 9 and 10 at a stand-alone trial on Counts 1 through 8 and vice versa.

A limiting instruction will not dissipate prejudice. Once the jury hears the Rule 414 evidence, it will be difficult if not impossible for the jury to restrict its consideration to Counts 1 through 8 but not Counts 9 and 10. A jury is presumed to follow limiting instructions. *See United States v. Hensley*, 982 F.3d 1147, 1158 (8th Cir. 2020). But given the nature of the Rule 414 evidence, "it would be quixotic to expect the jurors to perform such mental acrobatics called for by the district judge." *United States v. Jones*, 16 F.3d 487, 493 (2d Cir. 1994). Given the highly prejudicial nature for Rule 414 evidence, the jury cannot be expected to apply such evidence for some counts but not for others.

The government's charging decision appears based not on judicial economy, but instead on an obvious strategic advantage. But that advantage would severely prejudice Mr. Morgan-Derosier. While judicial economy favors a joint trial, that policy is far outweighed by the prejudice that would occur. The prejudice at stake is severe and compelling. The Court should sever Counts 1 through 8 from Counts 9 and 10.

### III. CONCLUSION

Because Counts 1 through 8 are improperly joined with Counts 9 and 10, and because joinder would severely prejudice Mr. Morgan-Derosier, the Court should sever Counts 1 through 8 from Counts 9 and 10 and order separate trials.

Dated this 3rd day of July, 2023.

        Respectfully submitted,

        JASON J. TUPMAN
        Federal Public Defender
        By:

        */s/  Christopher P. Bellmore*
        Christopher P. Bellmore
        Assistant Federal Public Defender
        Attorney for Defendant
        Office of the Federal Public Defender
        Districts of South Dakota and North Dakota
        Federal Square, Second Floor
        112 Roberts Street North, Suite 200
        Fargo, ND 58102
        Telephone: 701-239-5111
        Facsimile:  701-239-5098
        filinguser_SDND@fd.org