UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>NICHOLAS JAMES MORGAN-DEROSIER,<br><br>Defendant. | Cr. No. 3:22-cr-5<br><br>**DEFENDANT'S REPLY TO UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO SEVER** |

The Defendant, Nicholas James Morgan-Derosier, replies to the government's response opposing his motion to sever. Mr. Morgan-Derosier asks the Court to sever Counts 9 and 10 (transportation counts) from Counts 1 through 8 (CSAM counts) because the transportation and CSAM counts lack similar character, are not based on the same acts or transactions, and are not part of a common scheme. As such, the counts are misjoined under Fed. R. Crim. P. 8(a). Even if the Court determines joinder was proper, the Court should still sever because joinder will severely prejudice Mr. Morgan-Derosier.

## I. Discussion

*1. Counts 9 and 10 are improperly joined with Counts 1 through 8.*

The government incorrectly argues there is authority categorically tying CSAM counts to transportation counts.[1] One authority cited by the government is *United States v. Reynolds*, 720 F.3d 665 (8th Cir. 2013). In *Reynolds*, the defendant

---

[1] Doc. 127, pp. 3-4.

was charged with CSAM receipt, enticement, and attempted CSAM production. *Id.* at 667–68. The evidence showed a pattern where defendant would use the internet to solicit minors to produce CSAM. *Id.* at 670. Before trial, the defendant moved to sever a count involving one victim from counts involving another victim. *Id.* at 669. The district court denied the motion. *Id.*

The Eighth Circuit affirmed and found enticement, CSAM receipt, and CSAM production were all of a similar character. *Id.* at 669–70. The Eighth Circuit provided three reasons for this conclusion. *Id.* at 670. First, all counts showed the defendant's "predisposition to abnormal sexual attraction." *Id.* Second, the counts rebutted defendant's claim that he was entrapped into receiving CSAM. *Id.* Third, the counts reflected the defendant's common plan to contact minors to obtain photographs of them and eventually engage in sexual activity. *Id.*

The government mischaracterizes *Reynolds* to argue transportation and CSAM counts are *per se* similar in character or part of a common scheme or plan.[2] *See United States v. Hersh*, 297 F.3d 1233, 1241 (11th Cir. 2002). But in *Reynolds*, the common scheme was established through the particular facts in that case. *See Reynolds*, 720 F.3d at 670. Each count was part of a broader plan. *See id.* The defendant would meet a minor online, solicit from a minor sexually explicit photographs and (in at least one instance) entice that minor to engage in sex. *Id.* at 669. With that, the Eighth Circuit found a common scheme or plan sufficient to support joinder. *Id.* at 670. The Eighth Circuit did not hold that transportation and

---

[2] *Id.* at p. 6.

CSAM counts are always of a same character or always involve a common scheme or plan. *See id.*

The government next discussed *United States v. Mayer*, 2021 WL 2010776 (D. Minn. 20 May 2021). In *Mayer*, like the government here, the district court first interpreted *Reynolds* to mean a *per se* similarity between all sex charges. *See id.* at *2. In doing so, it altered a quote from *Reynolds*. In *Reynolds*, the Eighth Circuit said, "The charges of enticement of a minor to engage in illicit sexual activities, receiving child pornography, and production of child pornography 'are of the same or similar character' because they show Reynolds' predisposition to abnormal sexual attraction and tend to rebut the claim that Reynolds was trapped into receiving child pornography. *Reynolds*, 670 F.3d at 670. In *Mayer*, the court expanded the quote from just "Reynolds' disposition" to "a defendant's disposition." *See Mayer*, 2021 WL 2010776 at *2. *Reynolds* did not apply to *any defendant*—just that defendant in that case based on particularized circumstances. *Mayer* is therefore non-binding and non-persuasive.

Importantly, any factual connection between the transportation and CSAM must be established through the indictment—not the government's interpretation of evidence it intends to offer at trial. "The propriety of joinder is determined from the face of the indictment." *United States v. Mink*, 9 F.4th 590, 603 (8th Cir. 2021) (quoting *United States v. Reichel*, 911 F.3d 910, 915 (8th Cir. 2018)) (cleaned up). Joinder is improper where no "effort is made in the indictment even to suggest that the offenses are of the same or similar character or that they are part of the same

transaction or parts of a common scheme." *United States v. Terry*, 911 F.2d 272, 276 (9th Cir. 1990).

The government's response largely ignores the allegations within the indictment and instead relies on its own proffered facts. Nothing within the indictment ties the transportation counts to the CSAM counts. In considering the indictment on its face, as the Court must, nothing suggests the same or similar character or common scheme. With respect to character, all that can be said of the indictment is that the transportation and CSAM counts are similar because they allege sex-related offenses. But similar character in this vein is the weakest reason to join counts. *See United States v. Harris*, 805 F. Supp. 166, 182 (S.D.N.Y. 1992); *see also United States v. Halper*, 590 F.2d 422, 430 (2d Cir. 1978). The government then argues the transportation and CSAM groups are evidentially connected. Again, the government relies on facts outside of the indictment. This is insufficient.

The indictment fails to justify joinder. Because the transportation and CSAM counts are misjoined, severance is appropriate.

> 2. *Assuming proper joinder, the Court should still sever because a joint trial would severely prejudice Mr. Morgan-Derosier.*

Even if the counts are properly joined, the prejudicial effect of joinder justifies severance. *See* Fed. R. Crim. P. 14(a).  Severance is appropriate if there is "a serious risk that a joint trial would compromise a specific trial right of [a] defendant[], or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). "'Severe prejudice occurs when a defendant is deprived of an appreciable chance for an acquittal, a

4

chance that [the defendant] would have had in a severed trial.'" *United States v. Taken Alive*, 513 F.3d 899, 902 (8th Cir. 2008) (alteration in original) (quoting *United States v. Koskela*, 86 F.3d 122, 126 (8th Cir. 1996)).

Regarding the transportation counts, the severe prejudice is the government's expected use of propensity evidence to show that because Mr. Morgan-Derosier possessed, transported, received, or distributed CSAM, he must have travelled with an intent to commit illicit sexual activity. The government responded that it need not prove Mr. Morgan-Derosier committed any illicit sexual activity. True enough, but the transportation was complete, and nothing happened. Because no illicit sexual activity took place (and importantly, because Mr. Morgan-Derosier attempted none), the government's transportation case necessarily relies on propensity evidence. As to the transportation counts, the government's position at trial will be that because there exists other evidence Mr. Morgan-Derosier engaged in other CSAM acts, he must have intended to engage in illicit sexual activity during transportation. This is propensity evidence pure and simple. As stated in his motion, propensity evidence is impermissible to prove the transportation counts.[3]

The government disagrees, but only cites authority relating to Rule 413.[4] *See United States v. Blazek*, 431 F.3d 1104 (8th Cir. 2005). But Rules 413 and 414 are different. Rule 414 concerns child molestation. *See* Fed. R. Evid. 414. It includes specific offenses, which do not include transportation charges under 18 U.S.C.

---

[3] *See* Doc. 120, pp. 7-10.
[4] *See* Doc 127, pp. 12-14.

5

§ 2423. *See id*. Rule 413 concerns sexual assault. *See* Fed. R. Evid. 413. Like Rule 414, Rule 413 includes specific offenses, which do not include CSAM counts. *See id*. While *Blazek* held § 2423 offenses are subject to Rule 413, it did not expand § 2423 offenses to Rule 414. *See Blazek*, 431 F.3d at 1108-09. Likewise, *Blazek* did not expand CSAM offenses to Rule 413. *See id*. The government acknowledges as much.[5] *Blazek* is neither binding nor persuasive.

A joint trial prejudices Mr. Morgan-Derosier because it would allow the government to introduce propensity evidence as to some counts but not as to others. At a joint trial, the Court would have to provide limiting instructions.[6] But requiring a jury to parse propensity evidence for some counts under some circumstances is too much to ask of a jury.[7]

## II. CONCLUSION

For the above-stated reasons, and for the reasons stated in Mr. Morgan-Derosier's motion, the Court should sever Counts 9 and 10 from Counts 1 through 8.

---

[5] *Id*. at p. 14.
[6] *See* Doc. 120, p. 10.
[7] *See id*.

6

Dated this 14th day of August, 2023.

>Respectfully submitted,
>
>JASON J. TUPMAN
>Federal Public Defender
>By:
>
> <u>/s/   Christopher P. Bellmore</u>
>Christopher P. Bellmore
>Assistant Federal Public Defender
>Attorney for Defendant
>Office of the Federal Public Defender
>Districts of South Dakota and North Dakota
>Federal Square, Second Floor
>112 Roberts Street North, Suite 200
>Fargo, ND 58102
>Telephone: 701-239-5111
>Facsimile:  701-239-5098
>filinguser_SDND@fd.org